## STATE OF FLORIDA v. THOMLINSEN

### Case No. 84-34719TT10

County Court, Broward County

September 12, 1984

#### APPEARANCES OF COUNSEL

**Andrew Blasi,** Assistant State Attorney, for plaintiff.

**Rolfe Z. Thomlinsen,** pro se.

#### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

This cause came on for trial on September 11, 1984 and this Court having been presented with a persistent and common problem, that of a defendant failing to appear at a duly noticed infraction trial, but under unusual circumstances which present this important issue:

The precise issue before this Court is one of whether a Defendant charged with a traffic *infraction* who, after pleading not guilty at arraignment and being properly noticed for trial and fails to appear, may be tried *in absentia?*

This Court answers this question in the affirmative.

## FACTS

1. On June 22, 1984, the Defendant was charged with a traffic *infraction* of following too closely causing an accident violating F.S. 316.0895 and with no driver's license in possession a *criminal* violation of F.S. 322.15.

2. On July 30, 1984, the Defendant pled not guilty to both charges and a trial date of September 4, 1984 was scheduled.

3. The Clerk's records indicate that notice of the trial date was mailed to the Defendant at the address he supplied at arraignment and subpoenas sent to the police officer and two civilian witnesses on August 15, 1984 and no notices were returned.

4. On the date of the trial, the Defendant failed to appear although the officer and both civilian witnesses did appear. Upon the case being called the State nolle prossed the criminal charges since State records showed the Defendant had a valid license on June 22, 1984. Thus the infraction alone remained. This Court proceeded to trial *in absentia* on the infraction based upon the ruling below:

## LEGAL DISCUSSION

1. The governing statutes are Chapter 316 and 318, Florida Statutes and the Rules of Practice and Procedure for Traffic Courts.

2. In 1974 the Florida Legislature de-criminalized most traffic violations and called them Civil Traffic Infractions.

3. In Criminal prosecutions the defendant's presence is mandatory at his trial. However, even in criminal prosecutions, there are exceptions. Those defendants being prosecuted for misdemeanors may be tried in absentia at their own request and with the approval of the Court Rules of Criminal Procedure 3.180(c). In felony prosecution, a defendant's presence at trial is not absolute. If the defendant is present when trial starts and then voluntarily absents himself or is removed by the Court due to his disruptive behavior, the trial may continue without his presence. See Rules of Crim. Procedure 318.

4. The Florida Statutes and Rules of Traffic Court do not specifically prohibit or authorize trials *in absentia* for traffic infractions, nor is there any appellate case law.

## PUBLIC POLICY

The Defendant herein has voluntarily absented himself while a police officer and two citizen witnesses have taken one-half day off and

inconvenienced themselves. If this matter is not tried forthwith but at some time in the future if and when the Defendant decides to have a hearing, the officer and the two citizens would again come down to court and lose several hours of time and pay with no guarantee the Defendant would appear at that time. Clearly the public policy of the State is and just be to encourage the swift resolution of these matters with minimal inconvenience to victims and witnesses.

## DUE PROCESS

If a defendant charged with a civil traffic infraction is tried *in absentia* after proper notice, is he being deprived of due process? The answer is clearly no. As in any *civil* matter a party may choose voluntarily not to appear at trial and the trial would proceed. So too with a civil traffic infraction when the Defendant voluntarily absents himself, the trial may proceed and if the infraction is proved the civil penalty may be imposed.

WHEREFORE, this Court finds that:

1. When a Defendant who has pled not guilty to a non-criminal traffic infraction, is properly noticed for trial and voluntarily absents himself from such trial, the trial may proceed against the Defendant *in absentia.*

2. The Defendant may move to set aside any decision reached at such trial on the grounds of improper notice or any grounds similar to those set forth in Rule 1.540(b), Florida Rules of Civil Procedure.